UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON ANDREW KEEL,

    Petitioner,

    v.                                     CAUSE NO. 3:20-CV-950-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jason Andrew Keel, a prisoner without a lawyer, filed a habeas corpus petition to challenge the calculation of his sentence under Case No. 29D03-1609-F6-6857 in the Huntington Superior Court. He also filed a motion to amend the habeas petition, which the court grants, and a motion to expedite the proceedings, which the court denies as unnecessary. According to the Indiana Department of Correction, his earliest possible release date is March 15, 2021, but Keel maintains that it should be February 12, 2021. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state

>courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008). In the amended petition, there is no indication that Keel has challenged his sentence calculation in State court. To the contrary, the timeline set forth in the amended petition indicates that he has not presented his claims at each level of the State courts. Specifically, Keel's claim that correctional officials miscalculated his sentence relies on his understanding of the effect of the changes in his credit class that took place in August 2020 and November 2020. Accordingly, the court dismisses this case without prejudice because Keel has not exhausted his State court remedies.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is

no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Keel to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 2);

(2) DENIES as unnecessary the motion to expedite (ECF 3);

(3) DISMISSES without prejudice the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(4) DENIES Jason Andrew Keel a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(5) DIRECTS the clerk to close this case.

SO ORDERED on November 30, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT